1
2
3
4                       **UNITED STATES DISTRICT COURT**
5                            **DISTRICT OF NEVADA**
6
7    UNITED STATES OF AMERICA,          )
                                        )
        Plaintiff,                      )
8                                       )
        vs.                             )        3:11-cr-00142-RCJ-VPC-**1**
9                                       )
     CLIFTON JAMES JACKSON,             )
10                                      )
        Defendant.                      )
11   _____      )
                                        )
12   CLIFTON JAMES JACKSON,             )
                                        )
13      Plaintiff                       )
                                        )        3:14-cv-00437-RCJ
14      vs.                             )
                                        )           **ORDER**
15   UNITED STATES OF AMERICA,          )
                                        )
16      Defendant.                      )
     _____      )
17
18          Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence
19   Pursuant to 28 U.S.C. § 2255 (ECF No. 84).  For the reasons given herein, the Court denies the
     motion.
20
     **I.    FACTS AND PROCEDURAL HISTORY**
21
            On February 8, 2012, a jury convicted Defendant Clifton James Jackson of one count of
22
     Possession of a Firearm by a Convicted Felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The Court
23
     denied a motion for new trial that was grounded entirely on the FPD's alleged ineffective
24
     assistance, which claims are not cognizable under Rule 33, but rather must be brought in federal
25

1  habeas corpus proceedings under 28 U.S.C. § 2255, or in some cases on direct appeal. *United*

2  *States v. Pirro*, 104 F.3d 297, 299–300 (9th Cir. 1997) (citing *United States v. Hanoum*, 33 F.3d

3  1128, 1130 (9th Cir. 1994)); *accord United States v. Mendoza*, Nos. 07–50002 and 09–50641,

4  2012 WL 1893538, at *2 (9th Cir. May 25, 2012) (citing *id.* at 299).   Defendant appealed, and

5  the Court of Appeals affirmed, declining to address the ineffective assistance of trial counsel

6  claims on direct appeal, rejecting Defendant's argument that there was insufficient evidence to

7  convict him, and rejecting Defendant's argument that his 1991 Virginia conviction for

8  distributing cocaine did not support a "serious drug offense" enhancement to his sentence.

9      Defendant has asked the Court to vacate, set aside, or correct his sentence under 28

10  U.S.C. § 2255.   Defendant has filed the motion both in the underlying criminal case and

11  separately such that the Clerk has opened a second, civil case based on the motion.   Only the

12  filing of the motion in the underlying criminal case was proper.   The Court will therefore strike

13  the motion in the separate civil case and order the Clerk to close that case.   The Court will

14  address the motion on the merits in the underlying criminal case.

15  **II.   LEGAL STANDARDS**

16      Substantive legal arguments not raised on direct appeal are said to be "procedurally

17  defaulted" and cannot be raised later in a collateral attack. *See Massaro v. United States*, 538

18  U.S. 500, 504 (2003).   There are exceptions to the procedural default rule when a defendant can

19  show (1) cause and prejudice, or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957,

20  962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)).   This has been

21  the test since *Wainwright v. Sykes*, 433 U.S. 72, 90–91 (1977).

22      "Cause" means "some objective factor external to the defense" that impeded the

23  defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467,

24  493 (1991).   Among the reasons that can constitute "cause" are government coercion, *see United*

25  Page 2 of  7

1  *States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see*

2  *McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or

3  legal basis for the claim." *See id.*

4  　　Ineffective assistance of counsel is "cause" excusing procedural default only where the

5  failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*,

6  341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

7  Ineffective assistance of counsel claims meeting the *Strickland* test are not procedurally

8  defaulted, and such claims can be brought for the first time under a § 2255 motion even if they

9  could also have been brought on direct appeal. *Massaro*, 538 U.S. at 504.  Ineffective assistance

10  of counsel claims under § 2255 are essentially a special variety of "cause and prejudice" claim.

11  The prejudice required is the same, but the cause is based specifically on constitutionally

12  deficient counsel rather than some other miscellaneous "objective factor external to the defense."

13  *McCleskey*, 499 U.S. at 493.

14  　　The Sixth Amendment right to effective assistance of counsel is violated when: (1)

15  counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the

16  Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of

17  a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  There is a "strong

18  presumption" of reasonable professional conduct. *Id.* at 698.  When this presumption is

19  overcome and an attorney's "unprofessional errors" are such that there is a "reasonable

20  probability" the result would have been different had the errors not occurred, the defendant has

21  been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375

22  (1986).  "Reasonable probability" is a lower standard than "more likely than not." *Nix v.

23  Whiteside*, 475 U.S. 157, 175 (1986).  The analysis does not focus purely on outcome. *Lockhart

24  v. Fretwell*, 506 U.S. 364, 369 (1993).  The trial must also have been fundamentally unfair or

25  　　　　　　　　　　　　　Page 3 of  7

1  unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000).  Counsel's tactical decisions with

2  which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions

3  are so poor as to meet the general test for constitutionally defective assistance. *See Dist.*

4  *Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 85–86 (2009).

5       "Prejudice" means that "the constitutional errors raised in the petition actually and

6  substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness."

7  *Murray v. Carrier*, 477 U.S. 478, 494 (1986).  A showing of prejudice requires demonstration of

8  a "reasonable probability that . . . the result of the proceedings would have been different.  A

9  reasonable probability is a probability sufficient to undermine confidence in the outcome."

10  *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

11       Also, issues "clearly contemplated by, and subject to, [a] plea agreement waiver" cannot

12  be brought in a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see*

13  *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) (holding that waiver of the right to

14  appeal does not constitute "cause" excusing procedural default on an issue).  This is a

15  commonsense rule.  If waiver of the right to appeal itself constituted cause excusing a failure to

16  appeal, a defendant who had waived his right to appeal would have the same ability to obtain

17  review as a defendant who had not waived that right.

18  **III.   ANALYSIS**

19       Defendant raises four grounds in his Motion: (1) trial counsel was ineffective for failing

20  to move to suppress the black bag and its contents; (2) trial counsel was ineffective for failing to

21  interview critical government witnesses and for failing to conduct a thorough investigation prior

22  to trial; (3) appellate counsel was ineffective for failing to raise the issues of ineffective

23  assistance of trial counsel noted in grounds 1 and 2; and (4) trial counsel was ineffective for

24

25                         Page 4 of  7

1 failing to challenge the Government's use of a previous conviction for attempted robbery to

2 enhance Defendant's sentence.

3       **A.**    **Ground 1 - Failure to Move to Suppress the Black Bag**

4       The Court rejects this ground.  The evidence at trial was uncontroverted that the black

5 bag found at the casino containing the firearm and Defendant's library card was not taken from

6 Defendant's person or room but was found abandoned on the casino floor.  Even assuming the

7 casino employee who found the bag and the security guards who reported the findings to the

8 police were state actors (they were not), no warrant is required to take possession of and search

9 abandoned property. *See Abel v. United States*, 362 U.S. 217, 240–41 (1960).  Nor was any

10 warrant required to ask a librarian to identify the owner of the library card, because that act

11 involved no search of anything belonging to Defendant, but only of library records, based on an

12 abandoned piece of property.  Trial counsel was not ineffective for failing to move to suppress

13 the contents of the bag under the Fourth Amendment.

14       **B.**    **Ground 2 - Failure to Interview Government Witnesses and Conduct a Thorough Investigation Prior to Trial**

15

16       Defendant argues that trial counsel failed to interview a single Government witness prior

17 to trial.  In the present case, however, the expected testimony of the Government's witnesses was

18 known before trial.  The police reports and witness statements—which together represented

19 nearly the totality of the expected trial testimony—had long been available.  Under such

20 circumstances, it is not ineffective assistance for defense counsel to decline to further interview

21 witnesses. *See Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986) (citing *United States*

22 *v. Decoster*, 624 F.2d 196, 209 (D.C. Cir.1976) (en banc) ("A claim of failure to interview a

23 witness may sound impressive in the abstract, but it cannot establish ineffective assistance when

24

25                                     Page 5 of  7

the person's account is otherwise fairly known to defense counsel.")).  The Court rejects this ground.

### C.      Failure to Raise Grounds 1 and 2 on Direct Appeal

The Court rejects this ground.  The memorandum opinion from the Court of Appeals indicates that appellate counsel indeed attempted to bring ineffective assistance of counsel claims on direct appeal, but that the Court of Appeals declined to entertain them on direct appeal because the record was not sufficiently developed. (*See* Mem. Op. 2–3, ECF No. 74 in Case No. 3:11-cr-142).  Also, as noted, *supra*, the ineffective assistance of trial counsel claims are without merit, so no failure of appellate counsel to bring the claims can have resulted in prejudice.

### D.      Failure to Challenge the Sentencing Enhancement Based on the Previous Attempted Robbery Conviction

Defendant argues that trial counsel was ineffective for failing to challenge his prior conviction for attempted robbery, which resulted in the imposition of the fifteen-year minimum sentence under 18 U.S.C. § 924(e)(1).  But Defendant's argument as to why counsel should have so objected is baseless.  Defendant appears to argue that the prior conviction cannot have been used against him because he had been honorably discharged from parole for the prior offense, and that the discharge paperwork contained no prohibition against possessing firearms.  But the federal offense at issue here carries its own restriction on the possession of firearms by certain felons, independent of any state-law restrictions. *See* 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.").  There is no element of a § 922(g)(1) offense requiring that a defendant be under any independent state-

law restriction against the possession of firearms.  And even if there were, Nevada law in fact prohibited Defendant's possession of the firearm. *See* Nev. Rev. Stat. § 202.360(1)(a).  The Court therefore rejects this ground.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 83 in Case No. 3:11-cr-142) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 84 in Case No. 3:11-cr-142) is DENIED.

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1 in Case No. 3:14-cv-437) is STRICKEN, and the Clerk shall close that case.

IT IS FURTHER ORDERED that the Clerk shall enter this Order into the dockets of both of the above-captioned cases.

IT IS SO ORDERED.

Dated:  September 16, 2014.

_____
ROBERT C. JONES
United States District Judge